IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| **TRICIA M. LAVY** | ) | **JURY TRIAL DEMANDED** |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | Case no.: 11-cv-00889 |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| **ASHTON COURT HEALTHCARE LLC** | ) | |
| Registered Agent: | ) | |
| CSC- Lawyer's Incorporating Service Company | ) | |
| 221 Bolivar | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **&** | ) | |
| **CENTENNIAL HEALTHCARE MANAGEMENT CORP** | ) | |
| Registered Agent: | ) | |
| CSC- Lawyer's Incorporating Service Company | ) | |
| 221 Bolivar | ) | |
| Jefferson City, MO 65101 | ) | |
| Defendants, | ) | |

**COMPLAINT**
**Collective Action Under the FLSA and Wage-Related**
**Class Claims Pursuant to Fed. R. Civ. P. 23**

**COME NOW** the Plaintiff Tricia M. Lavy on behalf of herself, and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff bring this action against Defendants Ashton Court Healthcare LLC and

Centennial Healthcare Management Corporation ("Defendants") for unpaid overtime compensation and related penalties and damages. Defendants specialize in providing health care services. Defendants' practice and policy is to willfully fail and refuse to properly pay overtime compensation due Plaintiff, and all other similarly situated employees, who work in Defendants' health care facilities.

2. Defendants' non-exempt employees were required to perform off the clock work such as arriving at work prior to the start of each shift to perform work, staying late after each shift to perform work, and performing work during an unpaid meal period. Defendants fail to compensate these employees for this time. Defendant attempts to shift the burden to report work suffered during the meal period to the employees. Defendant further improperly compensates employees by implementation of Defendants' "rounding" policy. Doing so denies such persons compensation for all work performed and overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23.

3. Defendants' practices are in direct violation of the FLSA and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 and Plaintiff seeks compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

4. Plaintiff Tricia M. Lavy worked for the Defendants at the Ashton Court Care and Rehab Centre located at 1200 West College St., Liberty, MO from February of 2009 until June of 2010 and currently resides at 1928 South Ash Avenue, Independence, Jackson County, Missouri.

5. Ashton Court Healthcare LLC's is organized and existing under the state laws of Delaware, having its principal place of business located at 1200 West College St. Liberty, MO. Ashton Court Healthcare LLC has conducted and continues to conduct business in Missouri by operating as a nursing home and providing general care services to the public.

6. Centennial Healthcare Management Corporation is organized and existing under the state laws of Georgia, having its principal place of business located at 33 Perimeter Center North, Suite 500, Atlanta, Georgia. Centennial Healthcare Management Corporation has conducted and continues to conduct business in Missouri by operating as a nursing home and providing general care services to the public.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

8. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business within this District.

9. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Western District of Missouri. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

11. At all relevant times, Defendant has been an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed "employee[s]," including each of the putative representative action plaintiffs. At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for Defendants, which were an enterprise engaged in commerce. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## **COLLECTIVE AND CLASS ALLEGATIONS**

12. Plaintiff held the position of Certified Nurse's Assistant ("CNA") from February 2009 through June 2010.

13. Plaintiff and other hourly non-exempt employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

14. Plaintiff and other hourly non-exempt employees were required to file paperwork,

perform rounds, and bed checks before the start of their shift. Defendants fail to compensate employees for this time.

15. Plaintiff and other non-exempt hourly employees have a thirty minute meal period deducted from their daily workday. Plaintiff and other non-exempt employees are permitted to suffer work during the thirty minute meal period.

16. Defendant requires Plaintiff and other non-exempt employees to report time worked during the meal, thus shifting the burden to record time worked.

17. Such work is integral and indispensable part of the principle activities of Plaintiff's job.

18. Said work causes Plaintiff to work in excess of forty (40) hours per week.

19. Plaintiff was not properly compensated for this work at the applicable rate of pay.

20. Defendants require Plaintiff and other hourly non-exempt employees to arrive at work before the start of their shift.

21. Plaintiff and other hourly non-exempt employees are not paid for the time it takes to perform this work.

22. Defendants have had a policy wherein if an hourly non-exempt employee clocks in before the start of their shift, that time is recorded and rounded up to the start of their shift. In such a situation, the employee is not compensated for that time.

23. Defendants have had a policy wherein if an hourly non-exempt employee clocks out after the end of their shift, that time is recorded and rounded back to the scheduled end of their shift.

24. The Defendants employ/employed other employees, who, like the Plaintiff, are/were required to perform the same or similar work in excess of forty (40) hours

per week.

25. Plaintiff and other hourly non-exempt employees were improperly compensated under the FLSA and the Missouri wage statutes. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

26. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

27. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

28. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job.

29. All similarly situated employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires these employees to perform in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job. In turn, these practices deny similarly situated employees their overtime compensation.

30. The quantum meruit claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of employees who are currently working for or who have worked for the Defendants at any time during the last five years. Said claims include a class that

consists of all current and former hourly employees who were required to perform off the clock work without compensation. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' failure to properly compensate for all hours worked and overtime wages.

31. The unjust enrichment claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of employees who are currently working for or who have worked for the Defendants at any time during the last five years. Said claims include a class that consists of all current and former hourly employees who were required to perform off the clock work without compensation. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' failure to properly compensate for all hours worked and overtime wages.

32. The Breach of Contract claims are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of employees who are currently working for or who have worked for the Defendants at any time during the last five years. Said claims include a class that consists of all current and former hourly employees who were required to perform off the clock work without compensation. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' failure to properly compensate for all hours worked and overtime wages.

33. The Missouri Wage and Hour claims (Mo. Rev. Stat. § 290.500, *et seq.*) are brought against Defendants under Rule 23 of the Federal Rules of Civil Procedure as a Missouri state-wide class action. Said class consists of employees who are currently working for or who have worked for the Defendants at any time during the last five years. Said claims include a class that consists of all current and former hourly employees who were required to perform off the clock work without compensation. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a class basis challenging Defendants' failure to properly compensate for all hours worked and overtime wages.

34. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practices of requiring unrecorded work without pay, as well as failing to pay Plaintiff and other similarly situated employees for all overtime hours worked.

35. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

36. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record hours worked for Plaintiff and other similarly situated employees and failing to pay Plaintiff and other similarly situated employees for all hours worked at proper, legal rate, including overtime compensation.  The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendants,

and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

37. Plaintiff brings Count II (unjust enrichment), Count III (Mo. Rev. Stat. § 290.500, *et seq.*), Count IV (Quantum Meruit), and Count V (Breach of Contract), as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants. Plaintiff, individually and on behalf of others similarly situated employees, seek relief on a class basis challenging Defendants' practice of requiring unrecorded and unpaid work and failing to pay Plaintiff and other similarly situated employees for overtime hours worked. The Rule 23 classes are defined as:

> All current and former hourly non-exempt employees who were not properly compensated for off the clock work at Defendants' facilities at any time during the last five years.

38. Plaintiff's state law claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

39. The class satisfies the numerosity standards as it is believed to number over one-hundred. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

40. There are questions of fact and law common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether class members were compensated for time spent performing

work-related tasks;

b. Whether Defendants' compensation policies and practices properly (if at all) account for the time class members were actually working;

c. Whether Defendants knew or had reason to know such policies and compensation practices were unlawful, and

d. Whether Defendants retained a benefit for such unlawful policies and compensation practices.

41. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

42. The claims of Plaintiff are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representative and were subject to the same or similar unlawful practices as the Class Representative.

43. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

44. The Class Representative is an adequate representative of the class because her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representative and her undersigned counsel, who has

experience in employment and class action lawsuits.

45. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## **COUNT I – FLSA CLAIM**

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.
47. Plaintiff was employed by the Defendants as a Certified Nurses Assistant from February 2009 through June 2010 at the Defendants' Liberty, Missouri nursing home.
48. At this nursing home, Plaintiff was required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job.
49. Additionally, Plaintiff was required to perform work during her meal period, which Defendant automatically deducted from her daily time worked.
50. If Plaintiff performed work during her meal period, she was responsible for reporting the time worked.
51. Plaintiff never received training to distinguish what was compensable work time for purposes of self-reporting time worked during a meal period.

52. Plaintiff and other similarly situated employees have had work time rounded away pursuant to Defendants' rounding policy.

53. Said work often caused Plaintiff to work in excess of forty (40) hours per week.

54. Plaintiff was not properly compensated for this work at the applicable rate of pay.

55. Plaintiff was treated as non-exempt employee by the Defendants under the FSLA.

56. Like the Plaintiff, the Defendants employ/employed other employees at their nursing home who are/were required to perform work both before and after their work shifts and during their meal period as an integral and indispensable part of the principle activities of performing their job and were treated as non-exempt employees under the FLSA. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

57. Said meal period, pre, and post shift work often caused those "similarly situated" employees to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

58. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

59. All similarly situated employees working for Defendants are similarly situated in that they all are required to perform work both before and after their work shift and during their meal period as an integral and indispensable part of the principle activities of performing their job.

60. All similarly situated nursing home employees are similarly situated in that they are all subject to Defendants' same compensation policies and plan that requires Plaintiff and those similarly situated to perform work on their meal period and pre and post shift work without compensation. In turn, this denies similarly situated employees their overtime compensation.

61. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated nursing home employees within three years from the commencement of this action who have not been compensated for at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

62. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because her claims are similar to the claims of the putative representative action Plaintiff.

63. The names and addresses of the putative representative action Plaintiff are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

64. The Defendants' failed to compensate Plaintiff and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore,

Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

65. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

66. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative representative action Plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

67. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed putative representative action Plaintiffs, pray for relief as follows:

   a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Lavy as Representative Plaintiff of the putative representative action plaintiffs;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An award of damages for overtime compensation due for the Plaintiff and the putative representative action Plaintiffs, including liquidated damages, to be paid by Defendants;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – UNJUST ENRICHMENT

68. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

69. Defendants have been enriched through making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants were enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

70. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct

demonstrates bad faith on the part of Defendants.

71. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count II of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; for such other relief as allowed by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### COUNT III - FAILURE TO PAY EARNED WAGES AND OVERTIME
**(Mo. Rev. Stat. § 290.500, *et seq*.)**

72. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth therein.

73. At all times material herein, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the Mo. Rev. Stat. § 290.500, *et seq.*

74. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

75. Defendants are subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because they are an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and other similarly situated employees of Defendants are employees under Mo. Rev. Stat. § 290.500(3).

76. Defendants violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly

pay employees for all hours worked and failing to pay employees for overtime. In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

77. Plaintiff and all similarly situated employees are victims of an unlawful entity-wide compensation policy. Defendants continue to apply and enforce this policy and thereby continue to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

78. Plaintiff and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time-worked and for overtime premium pay within the two years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

79. Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. § 290.505.

80. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendants from Plaintiff and other similarly situated employees for which Defendants are liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff, and all similarly situated employees, demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527; (4) for prejudgment and post-judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

## COUNT IV – QUANTUM MERUIT

81. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

82. At Defendants' request, Plaintiff and other similarly situated employees provided services in the form of work for Defendants. These services had reasonable value and were performed at an hourly rate.

83. Plaintiff and other similarly situated employees regularly would work off the clock during meal periods and before work and after work without being compensated for this time.

84. Defendants failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendants' behalf.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count IV of the Complaint; for an award of compensatory damages; for such other relief as allowed by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT

85. Plaintiff realleges and incorporates by reference each and every averment of this Complaint as though fully set forth herein.

86. An employment agreement existed between the Plaintiff and Defendants and each similarly situated employee and Defendants, the terms and conditions of which include, employees to perform services for Defendants and an agreement by Defendants to pay Plaintiff and other similarly situated employees at an agreed hourly rate for all work performed.

87. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiff and other similarly situated employees have performed all conditions precedent, if any, required of Plaintiff and other similarly situated employees under the agreement.

88. Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to compensate Plaintiff and other similarly situated employees for all time worked on behalf of Defendants.

89. Plaintiff and other similarly situated employees were thereby damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants on Count V of the Complaint; for an award of compensatory damages; pre-judgment and post-judgment interest as provided by law; for such other relief as allowed by law; and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed representative action have a right to jury trial.

*/s/ C. Jason Brown*
C. Jason Brown, 49952

Jayson A. Watkins, 61434
BROWN & ASSOCIATES LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
kclawyerbrown@yahoo.com
ATTORNEY FOR PLAINTIFF